# SUMMONS

Robert Nickson III

_____
Plaintiff

—vs—

Allison Transmission

_____
Defendant

In the Marion Superior Court, Room No. _____

Cause No. 49D13 1702 CT 006202

TO DEFENDANT: (Name) Allison Transmission
(Address) One Allison Way, Indianapolis, IN 46222

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint which is attached to this Summons. It also states the relief sought or the demand made against you be the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

If you need the name of an attorney, you may contact the Indianapolis Bar Association Lawyer Referral Service (269-2222), or the Marion County Bar Association Lawyer Referral Service (634-3950).

Dated _____        FEB 13 2017

_____ Myla A. Eldridge (Seal)
Clerk, Marion Superior Court, Marion Circuit Court

(The following manner of service of summons is hereby designated.)

[X] Registered or certified mail.

[ ] Service at place of employment, to-wit _____

[ ] Service on individual   (Personal or copy) at above address.

[ ] Service on agent. (Specify) _____

[✓] Other service. (Specify) _____

_Robert Nickson III_
Attorney for Plaintiff

2828 Wooded Glen Ct, Indianapolis, IN
Address 46268

317-603-0420
Telephone

Marion County Superior Court
200 East Washington Street
Indianapolis, IN 46204

_____
Telephone

Form #209

**EXHIBIT A**

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 20_____

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant,_____

(2) By leaving a copy of the Summons and a copy of the complaint at _____

which is the dwelling place or usual place of abode of _____
and by mailing a copy of said summons to said defendant at the above address.

(3) Other Service or Remarks: _____
_____

Sheriff's Costs                                          Sheriff

                                                         By:_____
                                                              Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 20. _____, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

                                                         Clerk, Marion Superior Court

Dated: _____, 20_____       By: _____
                                                              Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by the defendant on the _____ day of _____, 20_____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 20_____.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ was accepted by _____ on behalf of said defendant on the _____ day of _____, 20_____.

                                                         Clerk, Marion Superior Court

                                                         By: _____
                                                              Deputy

Telephone | Address | Attorney for Plaintiff | | SHERIFF'S COSTS | SUPERIOR COURT ROOM NO._____ | SUMMONS | Defendant | vs. | Plaintiff | Cause No._____ Room No._____

Robert L. Nickson
2828 Wooded Glen Court
Indianapolis, IN 46268

49D13  1702 CI 006202

SUPERIOR COURT OF MARION COUNTY

Robert Nickson,            ) Case No.:
                           )
        Plaintiff,         )
                           )                  COMPLAINT
    vs.                    )
                           )
Allison Transmission Inc., )
                           )
        Defendant          )

FILED
FEB 13 2017

Myla A. Eldridge
CLERK OF THE MARION CIRCUIT COURT

Plaintiff Robert Nickson brings forth the following causes of action and alleges the following:

1. Plaintiff is an individual and resident of Indianapolis, IN.

2. Defendant is a corporation and at the time of this complaint, a resident of Indianapolis, IN.

3. On or about January 3, 2012, Plaintiff was hired by Defendant to work at the facility located at One Allison Way, Indianapolis, IN 46222. At the time of separation Plaintiff was employed by Defendant as an Assembly Worker.

4. Plaintiff worked for Defendant without major incident for approximately four years receiving high reviews of his performance as well as merit raises until Defendant denied Plaintiff's most recent request for short-term disability leave of absence.

5. On December 7, 2015, Plaintiff prematurely attempted to return to work after four months of what was estimated to be a twelve-month recovery period following foot

surgery. This recovery time was requested by Plaintiff from and approved by Defendant's short-term disability leave and worker's compensation carrier, Sedgwick.

6. On December 22, 2015 Plaintiff contacted his immediate supervisor to inform her that his premature attempt to return from his approved twelve month short-term disability leave was unsuccessful and per the instructions of his attending physician he would return to that leave.

7. Plaintiff reported his physical setback as well as his intention to return to his prior approved disability leave to Sedgwick, the carrier that had already approved the twelve-month leave anticipated as necessary for full recovery

8. Instead of reinstating the existing order of disability leave Sedgwick concluded that Plaintiff should be made to file a new order for leave. Plaintiff had worked only two consecutive work shifts before aggravation of his injury forced him to return home.

9. On or about January 22, 2016, Sedgwick contacted Defendant to inform the company that Plaintiff was being denied short-term disability for his absences beginning December 22, 2015 to that date. As a result these absences were labeled, "unexcused".

10. Defendant then sent Plaintiff a letter dismissing him from employment on the basis of what they deemed to be his, "voluntary termination" of employment. Plaintiff filed a grievance against this decision through his union to no avail.

Plaintiff brings forth the following counts and allegations supporting his cause of action:

### COUNT 1 – WRONGFUL DISCHARGE

Defendant's termination of Plaintiff due to a violation of the employer's policy was pre-textual. Plaintiff was not discharged for just cause.

## COUNT 2 – DISCRIMINATION

Plaintiff's disability and ongoing need for short-term leave and special accommodation was a motivating factor in this adverse employer action rendering the action unlawful.

## DAMAGES

WHEREFORE, Plaintiff seeks compensatory and punitive damages in the amount of $250,000 together with any additional attorney fees, court costs or other financial liabilities directly related to Defendant's adverse action.

Dated this 11th day of February, 2017

_____
Defendant, Pro Se

IN THE _____, _____ COURT

(Caption)

) 49D13 1702 CI 006202
) Case Number
) (To be supplied by Clerk when case is filed.)

## APPEARANCE BY ATTORNEY IN CIVIL CASE

Party Classifications: Initiating **RN**   Responding_____   Intervening_____

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):

   Name: Robert Nickson III
   Address: 2828 Wooded Glen Ct. Indianapolis, IN 46268
   Telephone: 317-603-0420 and 819-670-5516

   **FILED**
   (175) FEB 13 2017
   Myla A. Eldridge
   MARION CIRCUIT COURT

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

   Name: _____   Atty. Number: _____
   Address: _____   Phone: _____
   _____   FAX: _____
   _____   Computer Address: _____

   [List on continuation page the additional attorneys appearing for above party member(s)]

3. There are other party members: Yes_____ No __X__ (If yes, list on continuation page.)

4. If first initiating party filing this case, the Clerk is requested to assign this case the following Case type under administrative rule 8(b)(3): __CT__

5. I will accept service by FAX at the above noted number: Yes_____ No __X__

6. This case involves support issues. Yes_____ No __X__ (If yes, supply social security numbers for all family members on continuation page.)

7. There are related cases: Yes_____ No __X__ (If yes, list on continuation page)

8. This form has been served on all other parties. Certificate of Service is attached: Yes_____ No_____

9. Additional information required by local rule: _____

_____
Attorney-at-Law
Attorney information shown above

Appearance Format for Use by Attorneys in Civil Cases; 4/1/95

Form 205